**Vijendra Kumar SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–71682.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2011.*

Filed Jan. 19, 2011.

Holly Stafford Cooper, Esquire, U.C. Davis Law School Immigration Law Clinic TB–30, Davis, CA, for Petitioner.

OIL, Aimee J. Frederickson, Trial, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Vijendra Kumar Singh, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo whether a particular conviction constitutes an aggravated felony, *Randhawa*

v. *Ashcroft*, 298 F.3d 1148, 1151 (9th Cir. 2002), and we deny the petition for review.

The agency properly determined that Singh's conviction under California Penal Code § 496(a), for which he was sentenced to one year imprisonment, constituted an aggravated felony under 8 U.S.C. § 1101(a)(43)(G). *See Verdugo–Gonzalez v. Holder*, 581 F.3d 1059, 1062 (9th Cir. 2009) ("The full range of conduct proscribed by [section 496(a) ] falls within the generic definition of a theft offense."); *see also Alvarez–Reynaga v. Holder*, 596 F.3d 534 (9th Cir.2010). Singh is therefore removable as an aggravated felon, *see* 8 U.S.C. § 1227(a)(2)(A)(iii), and statutorily ineligible for cancellation of removal, *see* 8 U.S.C. § 1229b(a)(3).

In light of our disposition, we do not address Singh's remaining contentions.

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.